Singh v. Garland

BIA
Golovnin, IJ
A216 174 120

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

NAVJOT SINGH,
> *Petitioner,*

v.                                                          **22-6425**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jana Junuz, Law Office of Jana Junuz, PC, S. Richmond Hill, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant Attorney General; Brianne Whelan Cohen, Senior Litigation Counsel; Rebecca Hoffberg Phillips, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Navjot Singh, a native and citizen of India, seeks review of an August 12, 2022, decision of the BIA affirming a June 26, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Navjot Singh*, No. A216 174 120 (B.I.A. Aug. 12, 2022), *aff'g* No. A216 174 120 (Immig. Ct. N.Y. City June 26, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's burden findings that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative

2

findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Singh alleged that Bharatiya Janata Party ("BJP") and Congress Party members threatened and beat him in India on account of his support for the Shiromani Akali Dal Amritsar Party, which is also known as the Mann Party. Substantial evidence supports the agency's determination that Singh was not credible.

3

First, the agency reasonably relied on an inconsistency between Singh's testimony and his sister's affidavit regarding whether he reported one of his alleged assaults to police.   *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Second, the agency also reasonably relied on the omission from Singh's, his mother's, and his sister's written statements of his claim that Congress Party members threatened his family after he left India.   Singh testified that on two occasions, BJP and Congress Party members had gone to his family's home: "They asked about me and they threatened my family members that you cannot hide him for long time."   Certified Administrative Record ("CAR") at 159 [sic].   Three other statements by non-family members submitted on Singh's behalf also reported threats to his family.   S*ee* CAR at 272, 297, 300.   But Singh and the two people alleged to be *directly involved*, his mother and sister, did not mention the threats in their written statements.   Although "omissions are less probative of credibility than inconsistencies," the agency reasonably relied on these omissions because Singh, his mother, and his sister all asserted in their written statements that Singh would likely be killed if he returns to India and thus "would reasonably have been expected to disclose" that Congress Party members had continued to look for and threaten Singh as support for that otherwise unsupported assertion. *Hong Fei Gao*, 891 F.3d at 78–79 (citation omitted).

Finally, the agency reasonably relied on Singh's omission from his initial asylum application of his assertion that Congress Party members threatened and attacked his father in India and later killed his father in Dubai on account of his father's support for the Mann Party. This assertion was important because his father's alleged experience mirrors Singh's claim of past harm and future fears, and its omission was surprising, given that Singh attached a written statement to his asylum application that included details that were less relevant to the application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 78.

Despite numerous opportunities to explain these inconsistencies and omissions, Singh did not compellingly do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v.*

*Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to credit Singh's mother's and sister's affidavits because, in addition to the inconsistencies and omissions noted above, his mother and sister were interested parties who were not available for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according [letters] little weight because the declarants (particularly [petitioner]'s wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an [applicant's] documentary evidence."). Singh failed to submit medical evidence of his alleged overnight hospitalization resulting from an assault, and a letter from his political party asserted that BJP and Congress Party workers were still "searching for" Singh as of February 2019, which was inconsistent with Singh's testimony that they had not looked for him since February 2018.

The inconsistencies and lack of reliable corroboration constitute substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an [applicant] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.");

*Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because Singh's claims for asylum and withholding of removal were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief."). Singh does not challenge the BIA's finding that he waived his CAT claim. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court